**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CALEB HOLLENBACH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-1687** |
| | : | |
| **DR. LITTLE,** *et al.* | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                    **MAY 25, 2023**

In a prior Memorandum and Order, *see Burk, et al. v. Dr. Little*, No. 23-1005, 2023 WL 2955896 (E.D. Pa. April 14, 2023), the Court dismissed in part a jointly filed Complaint from Plaintiffs Ishmael Burk, George Pickett, and Caleb Hollenbach, each of whom is a convicted inmate housed at SCI Chester. The Plaintiffs were granted the option of proceeding only on the claims the Court determined were plausible, or filing an amended complaint. Caleb Hollenbach has now returned with his own Amended Complaint ("AC") utilizing the Court's form complaint with additional handwritten pages.[1] (ECF No. 17.) For the following reasons, the AC will be dismissed with leave to file a second amended complaint.

---

[1] The three original co-plaintiffs opted to file separate amended complaints rather than continue to proceed jointly. By Orders filed on May 1 and 4, 2023 (Civ. A. No. 23-1005, ECF Nos. 19, 20), the Court directed the Clerk of Court to sever the claims of co-plaintiffs Caleb Hollenbach and George Pickett into new civil actions so that each co-plaintiffs' case could proceed separately. Hollenbach filed a Motion under the docket number of the original case (Civ. A. No. 23-1005, ECF No. 21) on May 11, 2023 that asked the Court to "dismiss his Amended and to proceed on the original Complaint 23-cv-1005 [because he] wishes not to proceed with the order dated May 1st 2023" (ECF No. 19) that severed his case. Because (1) each Plaintiff opted to file a separate amended complaint, which once submitted to the Court served as the governing pleading in each of their cases, *see Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) (holding that an amended complaint supersedes the prior pleading); and (2) original co-plaintiff Pickett's separately filed amended complaint has

I.      **FACTUAL ALLEGATIONS**[2]

In the original Complaint, all three co-plaintiffs alleged they had been denied medical

treatment while at SCI Chester.  (*See* Civ. A. No. 23-1005, Compl. (ECF No. 2).)  In his separate

Amended Complaint, Hollenbach names as Defendants SCI Chester, Well Path, and Well Path

employees Dr. Little, Nicholson, Favoloro, Ford, Mitchell, Gaskin, Farmer, Hayliee, and Nurse

Bellinger.[3]  (AC at 2, 12.)  Hollenbach's allegations are sparse.  He alleges that he suffers from a

brain cyst and a "blown out knee."  (*Id*. at 5.)  Hollenbach alleges that "SCI Chester has created

[an] atmosphere were [Hollenbach] cannot submit a sick call regarding the cyst on his brain," has

denied him medical treatment, and threatened him with write-ups regarding his sick call requests.

(*Id*. at 13, 14.)  This has allegedly delayed Hollenbach from getting medical treatment and has

been "furthering injury to [his] knee."  (*Id*. at 13.)  He asserts that SCI Chester has "pressured

[him] to not submit sick calls regarding job related injuries.  (*Id*. at 14.)  Well Path has allegedly

denied him treatment and hired the other Defendants who do not take his injuries seriously.  (*Id*.

at 13, 14.)  He asserts that Well Path will not release his medical records so that he can seek

medical attention, has covered up his injury, and does not properly train its employees to handle

medical issues correctly.  (*Id*.)  Hollenbach also alleges that Defendant Nurse Bellinger has

denied him medical treatment, sick call slips and an elevator pass, has covered up his medical

---

already been adjudicated, Hollenbach's Motion was denied.  Accordingly, the Court proceeds
with the statutory screening of Hollenbach separate Amended Complaint.

[2] Unless otherwise provided, the facts set forth in this Memorandum are taken from
Hollenbach's Amended Complaint (ECF No. 3).  The Court adopts the pagination assigned to the
Complaint by the CM/ECF docketing system.

[3] Hollenbach checked the boxes on the form portion of his AC indicating that he sought
to name SCI Chester and Well Path in their official capacities.  (Compl. at 2.)

treatment, and denied him access to records.  (*Id.* at 13, 14.)  He seeks money damages.  (*Id.* at 5.)

## II.      STANDARD OF REVIEW

Because Hollenbach has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Hollenbach is proceeding *pro se*, the Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.     DISCUSSION

Hollenbach asserts civil rights claims based on alleged deliberate indifferent to his serious medical needs.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Claims Against SCI Chester

Hollenbach asserts official capacity claims for money damages against SCI Chester.  In the prior Memorandum, the Court explained to Hollenbach that official capacity claims for money damages asserted against an employee or agency of the Commonwealth of Pennsylvania is actually a claim against the Commonwealth itself and is not plausible.  *Hollenbach*, 2023 WL 2955896, at *2.  This is because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages, *see Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003), and because the Commonwealth is not a "person" as that term is used in 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Accordingly, the claims against SCI Chester are dismissed with prejudice.[4]

### B.     Medical Deliberate Indifference Claims

Hollenbach alleges that he was denied treatment for his medical issues at SCI Chester. To state a constitutional claim under the Eighth Amendment based on the failure to provide medical treatment, a convicted prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and

---

[4] Even if the "official capacity" box had not been checked on Hollenbach's AC, his claim against SCI Chester could still not proceed.  Since SCI Chester is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983 in any capacity.  *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

While Hollenbach names numerous Well Path employees as Defendants, with the exception of Nurse Bellinger his factual allegations in the AC do not specify how any named Defendant was personally involved in refusing, delaying, or preventing him from receiving medical treatment. Indeed, other than Nurse Bellinger, no other Well Path employee is even

mentioned in the body of the AC.  He alleges only that "SCI Chester has created [an] atmosphere were [Hollenbach] cannot submit a sick call," has denied him medical treatment, and threatened him with write-ups regarding his sick call requests, which allegedly delayed him from receiving treatment.  (AC at 13, 14.)  He also asserts that SCI Chester pressured him to not submit sick calls regarding job related injuries.  (*Id*. at 14.)  These allegations do not state a plausible deliberate indifference claim against any of the named Well Path employee Defendants.  *Rode*, 845 F.2d at 1207.

Nurse Bellinger allegedly denied Hollenbach unspecified medical treatment, sick call slips and an elevator pass, covered up his medical treatment, and denied him access to his records.  (AC at 13, 14.)  These allegations lack any specificity, are conclusory and undeveloped, and thus fail to allege a plausible claim that Bellinger refused, delayed, or prevented Hollenbach from receiving treatment.  While Hollenbach asserts he suffers from a brain cyst and knee injury, he does not allege what treatment he sought from Bellinger, what treatment he was denied, or on what basis he was entitled to receive an elevator pass and medical records.  Because a complaint's "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[ ] [a plaintiff's] claims across the line from conceivable to plausible," *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), the claim against Bellinger also cannot proceed as pled.  Accordingly, the claims against all Well Path employees will be dismissed.  However, because Hollenbach yet may be able to assert plausible deliberate indifference claims, he will be permitted to file a second amended complaint to attempt to cure these defects by telling the Court the "who, what, where and how" details of his alleged deliberate indifference claims against the Well Path employees.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss

complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").

Hollenbach also alleges in conclusory fashion that Defendant Well Path denied him treatment, medicine, and therapy for his brain cyst and knee injury, hired the other Defendants who do not take his injuries seriously, and failed to properly train its employees.  (AC at 13, 14.) He asserts that Well Path has covered up his injury.  (*Id*. at 13.)  Hollenbach alleges that Well Path does not properly train its employees to handle medical issues correctly.  (*Id*.)

A private corporation such as Well Path, which is under contract to provide prison health services, may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation.  *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  For such a claim to be plausible, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was."  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a plausible basis for liability against an entity like Well Path by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected."  *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).  In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations."  *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019).  Only in the narrowest of circumstances can a failure to train or supervise "said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights

even without a pattern of constitutional violations." *Id.* (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted).

Hollenbach does not tie any of the claimed violations of his constitutional rights to a Well Path policy or custom. His claim that Well Path fails to train, supervise, or discipline its staff is conclusory. Accordingly, the AC does not state a plausible claim against Well Path. The claims against Well Path will be dismissed without prejudice and Hollenbach will be provided an opportunity to amend this claim as well.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Hollenbach's Amended Complaint. His claims against SCI Chester are again dismissed with prejudice. All other claims are dismissed without prejudice and with leave to file a second amended complaint. An Order of dismissal follows providing further information about filing a second amended complaint.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**